UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
NOV 1 2 2014
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

SOLOMON: WILBUR-CEDRIC-SAMUEL, )
)
Plaintiff, )
)
v. ) No. 4:14CV1913 CDP
)
FED. NATIONAL MORT. ASSOC., et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**Plaintiff's Complaint and Request for Temporary Restraining Order**

Plaintiff brings this action under several federal and state laws. He asserts that this Court has both federal question jurisdiction under a myriad of federal statutes, as well as diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. Named as defendants are: Federal National Mortgage Association; First Horizon Home Loans; C.D. Adams Financial Group, LLC; David Benson; William C. Losch, III; and John Does 1-100.

Plaintiff alleges that he is the "accommodating party"[1] for mortgagors, Ginger and Walter Solomon (collectively referred hereafter as "the Solomons"). He states that the

---

[1] Plaintiff has not explained his relationship to the mortgagors in this action, and is it unclear whether he would have standing to bring this action if the Court had jurisdiction over this matter.

2

Solomons entered into a mortgage with First Horizon Home Loan Corporation on August 8, 2003. As security for the note on the mortgage, the Solomons signed a Deed of trust in favor of Adams Financial Group, LLC, encumbering the property at 3085 Steed Drive, Florissant, Missouri 63033. It appears that Adams Financial Group assigned the Deed of Trust to First Horizon Home Loans.

On July 24, 2013, the Circuit Court of St. Louis County entered a judgment in Case No. 13SL-CC00751, *First Horizon Home Loans v. Walter Solomon* (21st Judicial Circuit, St. Louis County). The final judgment quieted title in favor of First Horizon, allowing First Horizon to have a priority lien on the Deed of Trust.

At some unspecified date, the Solomons defaulted on the Note. The property was apparently sold at foreclosure sale to Federal National Mortgage Association ("Fannie Mae"), who then instituted unlawful detainer proceedings[2] against the Solomons on December 17, 2013 in St. Louis County Court. *Federal National Mortgage Association v. Walter Solomon*, Case No. 13SL-AC39970 (21st Judicial Circuit, St. Louis County). The state court granted the unlawful detainer action to Fannie Mae on October 28, 2014, and ordered eviction proceedings before November 17, 2014. *Id.*

Plaintiff asserts that the Sheriff's Department is attempting to evict him and the Solomons from the property on today's date, and he requests that the Court enter a mandatory restraining order prohibiting the Sheriff from proceeding with the eviction proceedings.

---

[2]An unlawful detainer action is a limited action, brought pursuant to a Missouri statute, whereby the sole issue to be decided is the immediate right of possession to a parcel of real property. *See, e.g., U.S. Bank NA v. Watson*, 388 S.W.3d 233, 235 (Mo. Ct. App. 2012); Mo.Rev.Stat. § 543.200.

3

The complaint also brings claims against defendants for breach of contract, lack of consideration, unjust enrichment, fraud/fraud in the inducement and conversion. On behalf of the Solomons, plaintiff seeks money damages and a judgment declaring that the Solomons are the owner of the property free and clear of any liens.

## Discussion

The Court lacks subject matter jurisdiction over the complaint because actions challenging state court foreclosure proceedings are barred by the *Rooker-Feldman* doctrine. *Postma v. First Federal Savings & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996); *Wright v. Tackett*, 39 F.3d 155 (7th Cir. 1994) (action alleging conspiracy to violate civil rights in connection with foreclosure barred by *Rooker-Feldman*). As a result, the Court must dismiss this action under Rule 12(h)(3) of the Federal Rules of Civil Procedure and cannot entertain plaintiff's request for temporary restraining order.

Even if this Court was not barred from reviewing plaintiff's claims by the *Rooker-Feldman* doctrine, given that there is an ongoing action relating to unlawful detainer of the property in state court, the abstention doctrine articulated in *Younger v. Harris* dictates that the Court abstain from interfering in this state court matter.

In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of Kansas City, Missouri*, 197 F.3d 321, 325 (8th Cir. 1999); *see also, Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996).

4

Plaintiff's assertions in defense of the ongoing unlawful detainer action/eviction proceedings involve a claim that the Solomons were subjected to an unlawful or invalid foreclosure procedure—a claim that must be made in Missouri state court. *See, e.g., Abrams v. Lakewood Park Cemetery Ass'n,* 196 S.W.2d 278, 283–84 (Mo.1946); *see also,* Mo.Rev.Stat. § 443.290. Thus, this case appropriately falls within the abstention guidelines set forth in *Younger*.

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's request for temporary restraining order is **DENIED** as this Court lacks jurisdiction over the subject matter of this lawsuit.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th Day of November, 2014.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE